UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOANNA NIXON-GATLIN | : | DOCKET NO. 2:07 CV 0213 |
| VERSUS | : | JUDGE TRIMBLE |
| MRC RECEIVABLES CORP., ET AL | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiff's Motion to Remand. (Doc. 22). It has been referred to the undersigned for a report and recommendation.

In October, 2004, MRC Receivables Corp. (MRC) filed suit against Plaintiff in the 14th Judicial District Court seeking to recover a credit card debt allegedly owed by Plaintiff. Plaintiff, acting *pro se*, responded by filing this action in the !4th Judicial District Court. Plaintiff's petition consists fo five paragraphs. The first three paragraphs consist of denials of liability to MRC. The last two paragraphs state:

IV.

Your petitioner justly requests that MRC RECEIVABLES CORP., holder of credit issued through PROVIDAN, send an updated credit report showing the elimination of the VISA account bearing #41855110001606040 to the appropriate credit agencies.

V.

Your petitioner requests that the Court allow for punitive damages which include costs of the Court action, attorneys' fees, and poor credit rating damages sustain [sic] by your petitioner due to inaccurate information on the part of MRC RECEIVABLES CORP., holder of credit issued through PROVIDAN.

MRC responded by filing exception of vagueness and no cause of action. Those exceptions were set for hearing in February, 2005, but the record does not reflect the outcome. In the meantime, because there had apparently been no responsive pleadings filed in the suit initiated by MRC, MRC took a default judgment against Plaintiff. Plaintiff then retained counsel who filed a petition to set aside the default judgment, and a motion to stay Plaintiff's suit until the outcome of the motion to set aside the default judgment was known. In her motion Plaintiff, through counsel, alleged that "plaintiff filed the petition under the mistaken belief that it was a responsive pleading to the defendant's petition." It goes on the allege: "If the Petition to Annul Judgment filed in the record of cause number 2004-5850 is denied, then it is respectfully submitted that plaintiff herein would be able to claim fraud, ill practices, violation of the Fair Credit Reporting Act, and other tortuous [sic] conduct on behalf of defendant." A hearing was held on the Petition to Annul Judgment on February 22, 2006. The judge set aside the default judgment, consolidated the two cases, and ordered that Plaintiff "petition be deemed as an answer of denial by Ms. Gatlin."

On January 8, 2007, Plaintiff filed a Motion for Leave to File First Amended and Restated Petition along with the proposed pleading. The order granting leave was signed January 9, 2007. The amended petition clearly sets out claims under federal law including claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. It also adds additional defendants.

On February 7, 2007, MRC and other defendants filed a Notice of Removal removing this case to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff does not contend that this court lacks original subject matter jurisdiction, but timely

2

seeks remand for defects in the removal procedure. Plaintiff contends that her original petition was removable so that the time for removing this case expired years ago. Even assuming that the original petition was not removable Plaintiff contends that the notice of removal was untimely. 28 U.S.C. § 1446(b) provides, in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

Plaintiff first contends that the case stated by her original petition was removable so that the deadline for removal ran thirty days after MRC was served with the original petition. The thirty day clock began to run upon service of the original petition only if the original petition affirmatively revealed on its face that Plaintiff was asserting a cause of action based on federal law. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). *See also Bosky v. Kroger Texas, LP*, 288 F.3d 208 n.3 (5th Cir. 2002). Plaintiff's original petition sought punitive damages and attorney fees "due to inaccurate information on the part of MRC RECEIVABLES CORP." ¶ V, Plaintiff's petition. She argues that since punitive damages and attorney fees are not available under state law she must have been asserting a federal claim. We disagree. Plaintiff failed to state a claim under any law, and she clearly did not affirmatively show that she was asserting a federal claim. *See Sigur v. Emerson Process Management*, 2007 WL 1891133 (M.D.La. 2007). Thus, the initial petition did not start the thirty day clock.

3

Plaintiff also argues that even if it is assumed that the original petition did not set forth a claim that was removable the notice of removal is still untimely. This argument depends on when the thirty day clock started to run for MRC. Plaintiff's counsel drew up the proposed amendment and forwarded it to counsel for MRC prior to filing the motion for leave to amend in the record. Counsel for MRC received the proposed amendment January 5, 2007. Plaintiff argues that the thirty day clock began to run January 5, 2007. MRC argues that the clock did not begin to run until the proposed amendment was filed in the record on January 8, 2007, at the earliest. We find Plaintiff's argument unpersuasive.

Reading the second paragraph of § 1446(b) in the light most favorable to Plaintiff it provides for the thirty day clock to start with the "receipt by the defendant . . . of . . . paper from which it may first be ascertained that the **case is one which is or has become removable . . . .**" (emphasis added). Under the plain reading of the statute the clock does not start until the case is actually removable. If it was the amended petition that made the case removable it did not do so until the state court granted Plaintiff leave to amend. *See* La.Code of Civ. Proc. Art. 1151. *See also Federal Deposit Ins. Corp. v. Klayer*, 519 F.Supp. 889 (D.C.Ky. 1981); *Mehney-Egan v. Mendoza*, 124 F.Supp.2d 467 (E.D.Mich. 2000). Further, if Plaintiff's argument is accepted it would lead to absurd results. For example, if, as argued by Plaintiff, the thirty day clock began to run when her counsel sent a courtesy copy of the proposed amendment to counsel for MRC then the delay of removal could have run before the motion for leave to amend and the proposed amendment were even filed. Thus, the notice of removal was timely.

Accordingly, it is recommended that the motion to remand be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of September, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE